# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAWNY SVETE,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 10-1946 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Tawny Svete ("Svete") filed this action on January 4, 2011. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on January 13 and 20, 2011. (Dkt. Nos. 8, 9.) On June 30, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court reverses the decision of the Commissioner and remanded for further proceedings consistent with this opinion.

///

///

///

**I.**

**PROCEDURAL BACKGROUND**

In September 2008, Svete filed applications for supplemental security income benefits and disability insurance benefits. Both applications alleged an onset date of May 5, 2008. Administrative Record ("AR") AR 11. The applications were denied initially, and upon reconsideration. AR 67-76, 94-102. Svete requested a hearing before an Administrative Law Judge ("ALJ"). However, on September 2, 2009, the ALJ issued an Order of Dismissal on the ground that Svete did not timely file a request for a hearing. AR 59-62.

On September 24, 2009, the Appeals Council remanded the case to the ALJ to give Svete another opportunity for a hearing. AR 65-66. On September 21, 2010, the ALJ conducted a hearing at which Svete, her mother, and a vocational expert testified. AR 19-51. On October 28, 2010, the ALJ issued a decision denying benefits. AR 8-18. On November 30, 2010, the Appeals Council denied the request for review. AR 1-5. This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

### III.
### **DISCUSSION**

#### A. **Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

#### B. **ALJ's Findings**

The ALJ found that Svete met the insured status requirements through December 31, 2013. AR 13.

Svete had the severe impairments of "attention deficit hyperactivity disorder; learning disorder, not otherwise specified; mood disorder, not otherwise specified; obsessive-compulsive personality disorder, not otherwise specified. *Id.* Svete had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: "she is limited to routine and repetitive entry level work which requires no contact with the general public and only superficial interpersonal contact with co-workers and supervisors." AR 14. Svete could perform her past relevant work as a cleaner. AR 17.

#### C. **Treating Physicians**

Svete argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Leonard.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn*, 495 F.3d at 631. When a treating physician's

3

opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and quotations omitted). When the ALJ declines to give a treating physician's opinion controlling weight, the ALJ considers several factors, including the following: (1) length of the treatment relationship and frequency of examination;[1] (2) nature and extent of the treatment relationship;[2] (3) the amount of relevant evidence supporting the opinion and the quality of the explanation provided; (4) consistency with record as a whole; and (5) the specialty of the physician providing the opinion. *See id.* at 631; 20 C.F.R. § 404.1527(d)(1)-(6). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas*, 278 F.3d at 956-57 (citation and quotation marks omitted).

The ALJ rejected Dr. Leonard's "Work Capacity Evaluation (Mental)" form, dated September 23, 2009, as "not persuasive." AR 16, 513-14. The ALJ found that Dr. Leonard's opinion was not supported by her clinical notes or mental status examinations. In addition, her opinion was inconsistent with the opinions of an examining psychiatrist. AR 16.

As a minor, Svete was treated at the Riverside County Department of Mental Health (RCDMH) for her emotional disturbance. AR 183, 186-90. She attended the Oak Grove Institute due to her inability to sustain emotional stability

---

[1] "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(i).

[2] "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(d)(2)(ii).

4

1  and prevent decompensation at public school.  AR 194.  She was diagnosed with
2  schizoaffective disorder and extreme mood fluctuations from lethargic to raging
3  outbursts.  AR 195.  She exhibited confused thinking, irrationality, and paranoid
4  delusions despite changes in medication and educational placement.  *Id.*

5  As an adult, Svete was treated at RCDMH during the period January 2008
6  through September 2010.  AR 213-36, 276-92, 297-410, 423-511, 523-39.

7  The ALJ's finding that Dr. Leonard's opinion was unsupported by clinical
8  notes or mental status examination is not supported by substantial evidence.
9  Svete saw Dr. Leonard at RCDMH during the period July 2009 through
10 November 2009.  AR 308-15.  When care was transferred to Dr. Leonard, she
11 noted that Svete's medication had been increased by the previous physician due
12 to increased symptoms of anxiety and obsessive compulsive disorder.  AR 315.
13 Dr. Leonard diagnosed schizoaffective disorder, intermittent explosive disorder,
14 and obsessive compulsive disorder (OCD).  AR 311.  She assessed a GAF score
15 of 45, with the highest GAF score of 50 in the past year.[3]  AR 312.  In her mental
16 status examination, Svete had normal speech; psychomotor slowing; good eye
17 contact; responsive but distant interactions; anxious mood; blunt and constricted
18 affect; rambling and tangential thought processes; paranoid thought content with
19 hallucinations; and obsessions and compulsions.  AR 314-15.  Svete's intellectual
20 functioning was alert with slightly impaired memory and concentration; fair
21 judgment; and limited insight.  AR 315.

22 On September 23, 2009, Svete appeared slightly more animated.  Svete
23 isolated herself and did not go outside alone.  AR 310.  Dr. Leonard assessed
24 that Svete had a blunted and constricted affect, and a poverty of thought content.
25 She exhibited obsessions, thought broadcasting, isolation and hallucination.  Her

---

[3] A GAF score of 41-50 indicates serious symptoms or any serious impairment in social, occupational or school functioning, such as being unable to keep a job.  American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. Text Revision 2000) ("DSM IV-TR).

5

cognitive ability was distracted and her judgment was impaired. *Id.*

Dr. Leonard opined that Svete was moderately limited in her abilities to: carry out very short and simple instructions, perform activities within a schedule, maintain regular attendance and be punctual with customary tolerances, and interact appropriately with the general public. Svete was markedly limited in her abilities to: remember locations and work-like procedures, understand and remember very short and simple instructions, maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, work in coordination with or in proximity to others without being distracted by them, make simple work-related decisions, ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, and maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. Dr. Leonard opined that Svete was extremely limited in her abilities to: get along with co-workers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, be aware of normal hazards and take appropriate precautions, and set realistic goals or make plans independently of others. These impairments would cause her to be absent from work three days or more per month. AR 513-14.

In November 2009, Svete continued to fear leaving the house alone because she was getting lost and confused easily. AR 308. Dr. Leonard assessed that Svete had a blunt and constricted affect; rambling and tangential thought process; a mood congruent with obsessive thoughts; and thought content including obsessions, delusions, phobias, and thought broadcasting. *Id.*

In March 2010, Dr. Leonard's plan for Svete indicated she experienced "behavioral dysregulation" two to three times per month, and had anxious, ruminating thoughts daily. AR 355. The treatment goal was to reduce behavioral dysregulation to once per month, and anxious, ruminating thoughts to two or

three times per week. *Id.* Dr. Leonard had previously given Svete information about vocational rehabilitation. AR 308.

Svete's care was transferred to other physicians at RCDMH. Records through February 2010 indicate continued symptoms of crying, irritability, racing thoughts, forgetfulness (such as filling the bathtub to overflowing), isolation and refusing to go out, and wearing sunglasses all of the time. AR 301-02, 305. In April 2010, Dr. Bocardo reported that Svete's symptoms were controlled by increased medications. AR 297. However, in August 2010, Dr. Aryanpur diagnosed schizoaffective disorder, bipolar type; obsessive compulsive disorder with poor insight; and intermittent explosive disorder. AR 528. Dr. Aryanpur assessed a GAF of 48. *Id.* The mental status exam indicated Svete was depressed, tearful, obsessive, and suffered from mood swings. AR 529-30.

The ALJ's finding that Dr. Leonard's opinion was rebutted by the examining physician, Dr. Rodriguez, is not supported by substantial evidence. AR 16. Dr. Rodriguez's opinion was based on clinical findings he made during two psychiatric evaluations of Svete on November 17, 2008 and July 7, 2010. AR 250-56, 415-21. In the most recent evaluation, Dr. Rodriguez found that Svete was able to understand, remember and carry out simple instructions, but was not able to do detailed and complex instructions. AR 421. Svete was minimally limited in her ability to relate and interact with supervisors, coworkers and the public; associate with day-to-day work activity, including attendance and safety; adapt to stresses common to a normal work environment; maintain regular attendance and perform work activities on a consistent basis; and perform work activities without special or additional supervision. Svete was slightly impaired in her ability to maintain concentration and attention, persistence and pace. *Id.*

The essential difference between the two opinions was the longitudinal record that Dr. Leonard had at RCDMH and Dr. Rodriguez did not. Dr. Rodriguez never reviewed Svete's treating records. AR 250, 415. Svete's previous

employment had been part time in a sheltered environment at the Oak Grove special needs school where she had been a student. In May 2008, she reported blowing up at a co-worker. AR 228. Although the reason for termination was not clear, it appears she was in charge of students without supervision and was accused of mistreating or neglecting the students. AR 224, 252, 305. Her longitudinal treatment records indicated periods of anxiety, occasional explosive outbursts, paranoia, and isolation, punctuated by periods of doing well. Having not reviewed the treatment records or addressed Svete's lability, Dr. Rodriguez cannot be said to have rebutted the longitudinal assessment of Svete at RCDMH.

Because the ALJ failed to set forth specific and legitimate reasons for rejecting Dr. Leonard's opinions, those opinions must be credited on remand. *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006).

### D. Credibility

Svete argues the ALJ improperly assessed her subjective symptom testimony.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir.1991) (en banc)). The ALJ found that Svete's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 16.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility

8

determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88–13)[4] (quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ found that Svete's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC assessment. AR 16-17. The ALJ discounted Svete's credibility for essentially three reasons: (1) lack of objective

---

[4] "Social Security Rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

9

medical evidence; (2) routine, conservative treatment; and (3) daily activities inconsistent with the subjective allegations.[5] AR 16.

The ALJ's credibility findings were supported by substantial evidence. Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The medical records indicated Svete had "poor reality testing" and "delusions of persecution." AR 184, 286-87, 308, 310, 427. Svete has not identified any treatment that was not conservative in terms of medication. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 007) (citation omitted). Finally, the ALJ may consider a claimant's daily activities when weighing credibility. *Bunnell*, 947 F.2d at 346. The ALJ noted that, for recreation, Svete plays the Wii game system. AR 16, 33. She enjoys crossword puzzles. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999)). The ALJ did not err.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

---

[5] The Commissioner also claims the ALJ's finding is supported by Svete's work history. JS 7-8. However, this court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). A court "may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630. The ALJ did not appear to rely on Svete's work history, and this court does not consider it.

10

Order and the Judgment herein on all parties or their counsel.

DATED: December 29, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge