1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TAWNY SVETE,                              )          NO. EDCV 10-1946 AGR
       Plaintiff,                      )
                        )
         v.                             )
                        )          **MEMORANDUM OPINION AND**
MICHAEL J. ASTRUE,                        )          **ORDER**
Commissioner of Social Security,          )
       Defendant.                     )
_____)

      Tawny Svete ("Svete") filed this action on January 4, 2011.  Pursuant to 28

U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on

January 13 and 20, 2011.  (Dkt. Nos. 8, 9.)  On June 30, 2011, the parties filed a

Joint Stipulation ("JS") that addressed the disputed issues.  The Court has taken

the matter under submission without oral argument.

      Having reviewed the entire file, the Court reverses the decision of the

Commissioner and remanded for further proceedings consistent with this opinion.

///

///

///

1

2

**I.**

**PROCEDURAL BACKGROUND**

In September 2008, Svete filed applications for supplemental security income benefits and disability insurance benefits. Both applications alleged an onset date of May 5, 2008. Administrative Record ("AR") AR 11. The applications were denied initially, and upon reconsideration. AR 67-76, 94-102. Svete requested a hearing before an Administrative Law Judge ("ALJ"). However, on September 2, 2009, the ALJ issued an Order of Dismissal on the ground that Svete did not timely file a request for a hearing. AR 59-62.

On September 24, 2009, the Appeals Council remanded the case to the ALJ to give Svete another opportunity for a hearing. AR 65-66. On September 21, 2010, the ALJ conducted a hearing at which Svete, her mother, and a vocational expert testified. AR 19-51. On October 28, 2010, the ALJ issued a decision denying benefits. AR 8-18. On November 30, 2010, the Appeals Council denied the request for review. AR 1-5. This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

2

evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

### III.

### DISCUSSION

#### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

#### B.    ALJ's Findings

The ALJ found that Svete met the insured status requirements through December 31, 2013.  AR 13.

Svete had the severe impairments of "attention deficit hyperactivity disorder; learning disorder, not otherwise specified; mood disorder, not otherwise specified; obsessive-compulsive personality disorder, not otherwise specified.  *Id.* Svete had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: "she is limited to routine and repetitive entry level work which requires no contact with the general public and only superficial interpersonal contact with co-workers and supervisors."  AR 14.  Svete could perform her past relevant work as a cleaner. AR 17.

#### C.    Treating Physicians

Svete argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Leonard.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn*, 495 F.3d at 631.  When a treating physician's

3

1   opinion is contradicted by another doctor, "the ALJ may not reject this opinion

2   without providing specific and legitimate reasons supported by substantial

3   evidence in the record.  This can be done by setting out a detailed and thorough

4   summary of the facts and conflicting clinical evidence, stating his interpretation

5   thereof, and making findings."  *Id.* at 632 (citations and quotations omitted).

6   When the ALJ declines to give a treating physician's opinion controlling weight,

7   the ALJ considers several factors, including the following: (1) length of the

8   treatment relationship and frequency of examination;[1] (2) nature and extent of the

9   treatment relationship;[2] (3) the amount of relevant evidence supporting the

10  opinion and the quality of the explanation provided; (4) consistency with record as

11  a whole; and (5) the specialty of the physician providing the opinion.  *See id.* at

12  631; 20 C.F.R. § 404.1527(d)(1)-(6).  "When there is conflicting medical evidence,

13  the Secretary must determine credibility and resolve the conflict."  *Thomas*, 278

14  F.3d at 956-57 (citation and quotation marks omitted).

15       The ALJ rejected Dr. Leonard's "Work Capacity Evaluation (Mental)" form,

16  dated September 23, 2009, as "not persuasive."  AR 16, 513-14.  The ALJ found

17  that Dr. Leonard's opinion was not supported by her clinical notes or mental

18  status examinations.  In addition, her opinion was inconsistent with the opinions

19  of an examining psychiatrist.  AR 16.

20       As a minor, Svete was treated at the Riverside County Department of

21  Mental Health (RCDMH) for her emotional disturbance.  AR 183, 186-90.  She

22  attended the Oak Grove Institute due to her inability to sustain emotional stability

---

23       [1] "Generally, the longer a treating source has treated you and the more
24  times you have been seen by a treating source, the more weight we will give to
    the source's medical opinion.  When the treating source has seen you a number
25  of times and long enough to have obtained a longitudinal picture of your
    impairment, we will give the source's opinion more weight than we would give it if
26  it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(i).

27       [2] "Generally, the more knowledge a treating source has about your
    impairment(s) the more weight we will give to the source's medical opinion."  20
28  C.F.R. § 404.1527(d)(2)(ii).

1   and prevent decompensation at public school.  AR 194.  She was diagnosed with

2   schizoaffective disorder and extreme mood fluctuations from lethargic to raging

3   outbursts.  AR 195.  She exhibited confused thinking, irrationality, and paranoid

4   delusions despite changes in medication and educational placement.  *Id.*

5       As an adult, Svete was treated at RCDMH during the period January 2008

6   through September 2010.  AR 213-36, 276-92, 297-410, 423-511, 523-39.

7       The ALJ's finding that Dr. Leonard's opinion was unsupported by clinical

8   notes or mental status examination is not supported by substantial evidence.

9   Svete saw Dr. Leonard at RCDMH during the period July 2009 through

10  November 2009.  AR 308-15.  When care was transferred to Dr. Leonard, she

11  noted that Svete's medication had been increased by the previous physician due

12  to increased symptoms of anxiety and obsessive compulsive disorder.  AR 315.

13  Dr. Leonard diagnosed schizoaffective disorder, intermittent explosive disorder,

14  and obsessive compulsive disorder (OCD).  AR 311.  She assessed a GAF score

15  of 45, with the highest GAF score of 50 in the past year.[3]  AR 312.  In her mental

16  status examination, Svete had normal speech; psychomotor slowing; good eye

17  contact; responsive but distant interactions; anxious mood; blunt and constricted

18  affect; rambling and tangential thought processes; paranoid thought content with

19  hallucinations; and obsessions and compulsions.  AR 314-15.  Svete's intellectual

20  functioning was alert with slightly impaired memory and concentration; fair

21  judgment; and limited insight.  AR 315.

22      On September 23, 2009, Svete appeared slightly more animated.  Svete

23  isolated herself and did not go outside alone.  AR 310.  Dr. Leonard assessed

24  that Svete had a blunted and constricted affect, and a poverty of thought content.

25  She exhibited obsessions, thought broadcasting, isolation and hallucination.  Her

26  _____

27      [3]  A GAF score of 41-50 indicates serious symptoms or any serious
    impairment in social, occupational or school functioning, such as being unable to
28  keep a job.  American Psychiatric Association, Diagnostic and Statistical Manual
    of Mental Disorders 34 (4th ed. Text Revision 2000) ("DSM IV-TR).

cognitive ability was distracted and her judgment was impaired.  *Id.*

Dr. Leonard opined that Svete was moderately limited in her abilities to: carry out very short and simple instructions, perform activities within a schedule, maintain regular attendance and be punctual with customary tolerances, and interact appropriately with the general public.  Svete was markedly limited in her abilities to: remember locations and work-like procedures, understand and remember very short and simple instructions, maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, work in coordination with or in proximity to others without being distracted by them, make simple work-related decisions, ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, and maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.  Dr. Leonard opined that Svete was extremely limited in her abilities: get along with co-workers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, be aware of normal hazards and take appropriate precautions, and set realistic goals or make plans independently of others. These impairments would cause her to be absent from work three days or more per month.  AR 513-14.

In November 2009, Svete continued to fear leaving the house alone because she was getting lost and confused easily.  AR 308.  Dr. Leonard assessed that Svete had a blunt and constricted affect; rambling and tangential thought process; a mood congruent with obsessive thoughts; and thought content including obsessions, delusions, phobias, and thought broadcasting.  *Id.*

In March 2010, Dr. Leonard's plan for Svete indicated she experienced "behavioral dysregulation" two to three times per month, and had anxious, ruminating thoughts daily.  AR 355.  The treatment goal was to reduce behavioral dysregulation to once per month, and anxious, ruminating thoughts to two or

6

1    three times per week.  *Id.*  Dr. Leonard had previously given Svete information

2    about vocational rehabilitation.  AR 308.

3         Svete's care was transferred to other physicians at RCDMH.  Records

4    through February 2010 indicate continued symptoms of crying, irritability, racing

5    thoughts, forgetfulness (such as filling the bathtub to overflowing), isolation and

6    refusing to go out, and wearing sunglasses all of the time.  AR 301-02, 305.  In

7    April 2010, Dr. Bocardo reported that Svete's symptoms were controlled by

8    increased medications.  AR 297.  However, in August 2010, Dr. Aryanpur

9    diagnosed schizoaffective disorder, bipolar type; obsessive compulsive disorder

10   with poor insight; and intermittent explosive disorder.  AR 528.  Dr. Aryanpur

11   assessed a GAF of 48.  *Id.* The mental status exam indicated Svete was

12   depressed, tearful, obsessive, and suffered from mood swings.  AR 529-30.

13        The ALJ's finding that Dr. Leonard's opinion was rebutted by the examining

14   physician, Dr. Rodriguez, is not supported by substantial evidence.  AR 16.  Dr.

15   Rodriguez's opinion was based on clinical findings he made during two

16   psychiatric evaluations of Svete on November 17, 2008 and July 7, 2010.  AR

17   250-56, 415-21.  In the most recent evaluation, Dr. Rodriguez found that Svete

18   was able to understand, remember and carry out simple instructions, but was not

19   able to do detailed and complex instructions.  AR 421.  Svete was minimally

20   limited in her ability to relate and interact with supervisors, coworkers and the

21   public; associate with day-to-day work activity, including attendance and safety;

22   adapt to stresses common to a normal work environment; maintain regular

23   attendance and perform work activities on a consistent basis; and perform work

24   activities without special or additional supervision.  Svete was slightly impaired in

25   her ability to maintain concentration and attention, persistence and pace.  *Id.*

26        The essential difference between the two opinions was the longitudinal

27   record that Dr. Leonard had at RCDMH and Dr. Rodriguez did not.  Dr. Rodriguez

28   never reviewed Svete's treating records.  AR 250, 415.  Svete's previous

1    employment had been part time in a sheltered environment at the Oak Grove

2    special needs school where she had been a student.  In May 2008, she reported

3    blowing up at a co-worker.  AR 228.  Although the reason for termination was not

4    clear, it appears she was in charge of students without supervision and was

5    accused of mistreating or neglecting the students.  AR 224, 252, 305.  Her

6    longitudinal treatment records indicated periods of anxiety, occasional explosive

7    outbursts, paranoia, and isolation, punctuated by periods of doing well.  Having

8    not reviewed the treatment records or addressed Svete's lability, Dr. Rodriguez

9    cannot be said to have rebutted the longitudinal assessment of Svete at RCDMH.

10          Because the ALJ failed to set forth specific and legitimate reasons for

11   rejecting Dr. Leonard's opinions, those opinions must be credited on remand.

12   *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006).

13                    **D.    Credibility**

14          Svete argues the ALJ improperly assessed her subjective symptom

15   testimony.

16          "To determine whether a claimant's testimony regarding subjective pain or

17   symptoms is credible, an ALJ must engage in a two-step analysis."  *Lingenfelter*

18   *v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

19          First, "the ALJ must determine whether the claimant has presented

20   objective medical evidence of an underlying impairment 'which could reasonably

21   be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Bunnell*

22   *v. Sullivan*, 947 F.2d 341, 344 (9th Cir.1991) (en banc)).  The ALJ found that

23   Svete's medically determinable impairments could reasonably be expected to

24   cause the alleged symptoms.  AR 16.

25          "Second, if the claimant meets this first test, and there is no evidence of

26   malingering, 'the ALJ can reject the claimant's testimony about the severity of her

27   symptoms only by offering specific, clear and convincing reasons for doing so.'"

28   *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility

                                      8

determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).  "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted).  "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted).

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors  (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88–13)[4] (quotation marks omitted).  The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ found that Svete's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC assessment.  AR 16-17.  The ALJ discounted Svete's credibility for essentially three reasons: (1) lack of objective

---

[4] "Social Security Rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

1  medical evidence;  (2) routine, conservative treatment; and (3) daily activities

2  inconsistent with the subjective allegations.[5]  AR 16.

3       The ALJ's credibility findings were supported by substantial evidence.

4  Although lack of objective medical evidence supporting the degree of limitation

5  "cannot form the sole basis for discounting pain testimony," it is a factor that an

6  ALJ may consider in assessing credibility.  *Burch v. Barnhart*, 400 F.3d 676, 681

7  (9th Cir. 2005).  The medical records indicated Svete had "poor reality testing"

8  and "delusions of persecution."  AR 184, 286-87, 308, 310, 427.  Svete has not

9  identified any treatment that was not conservative in terms of medication.

10  "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's

11  testimony regarding severity of an impairment."  *Parra v. Astrue*, 481 F.3d 742,

12  751 (9th Cir. 007) (citation omitted).  Finally, the ALJ may consider a claimant's

13  daily activities when weighing credibility. *Bunnell*, 947 F.2d at 346.  The ALJ

14  noted that, for recreation, Svete plays the Wii game system. AR 16, 33.  She

15  enjoys crossword puzzles.  "If the ALJ's credibility finding is supported by

16  substantial evidence in the record, we may not engage in second-guessing."

17  *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d

18  595, 600 (9th Cir.1999)).  The ALJ did not err.

19                                    **IV.**

20                                 **ORDER**

21       IT IS HEREBY ORDERED that the decision of the Commissioner is

22  reversed and remanded for further proceedings consistent with this opinion.

23       IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

24

25       [5] The Commissioner also claims the ALJ's finding is supported by Svete's
    work history.  JS 7-8.  However, this court is "constrained to review the reasons
26  the ALJ asserts."  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  A court
    "may not affirm the ALJ on a ground upon which he did not rely."  *Orn*, 495 F.3d
27  at 630.  The ALJ did not appear to rely on Svete's work history, and this court
    does not consider it.

28

1    Order and the Judgment herein on all parties or their counsel.

          DATED: December 29, 2011                    _____
                                                              ALICIA G. ROSENBERG
                                                         United States Magistrate Judge